[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 00-11333 and 00-11639
_____
D.C. Docket No. 98-00506 CV-D-N

JACKIE LAURIE,
BARBARA LINDSEY,

Plaintiffs-Appellants,

versus

ALABAMA COURT OF CRIMINAL APPEALS,
SAM TAYLOR, in his official and
individual capacity,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____
**(July 12, 2001)**

Before CARNES and MARCUS, Circuit Judges, and PROPST[*], District Judge.

PER CURIAM:

Plaintiffs Jackie Laurie and Barbara Lindsey filed this lawsuit on April 30,

_____

[*]Honorable Robert B. Propst, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1998 against the Alabama Court of Criminal Appeals ("ACCA") and Sam Taylor, a former judge on the ACCA. The plaintiffs alleged that, while employed by the ACCA, they suffered sexual harassment and were exposed to a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, et seq.[1]

The defendants in this action moved for summary judgment on various grounds, including that the district court lacked subject matter jurisdiction over the action because, the defendants contended, the ACCA did not qualify as an "employer" for purposes of Title VII in that it did not employ fifteen "employees," as defined by Title VII, during the relevant time period. See 42 U.S.C. §§ 2000e(b) & (f). The plaintiffs argued in response that the ACCA should be considered together with other Alabama courts and state agencies for purpose of counting the number of employees and that, in any event, the ACCA employed more than enough employees to qualify as an "employer." On February 14, 2000, the district court entered an order granting summary judgment in favor of Taylor for reasons not at issue in this appeal, but denied the ACCA's motion for summary judgment. The court agreed with the ACCA that it was a separate and distinct entity for purposes of Title VII, but found that it had presented insufficient

---

[1]The plaintiffs also asserted several state law claims and claims under the Age Discrimination in Employment Act, 29 U.S.C. § 623. Each of those claims was dismissed, and the plaintiffs do not appeal those dismissals.

evidence supporting its claim that it employed fewer than fifteen employees. Following a renewed summary judgment motion and an evidentiary hearing, however, the district court dismissed the Title VII claims against the ACCA and Taylor based on lack of subject matter jurisdiction. See Laurie v. Alabama Court of Criminal Appeals, 88 F. Supp. 2d 1334 (M.D. Ala. 2000). In its opinion, the district court found that the staff attorneys and junior staff attorneys employed by the ACCA qualified as both "personal staff" and "immediate advisers" rather than "employees" for purposes of Title VII, see 42 U.S.C. § 2000e(f), and that, as a result, the ACCA had fewer than fifteen "employees" during the relevant time period.

Also involved in this appeal is the district court's denial of the plaintiffs' motion for leave to amend their complaint. On September 29, 1999, approximately eleven months after the deadline in the district court's scheduling order for amendments, the plaintiffs sought to amend their complaint in order to assert a Fourteenth Amendment claim against the defendants under 42 U.S.C. § 1983 and in order to add as a defendant the Clerk of the ACCA. The district court denied that motion on the basis of undue delay, unfair prejudice to the defendants, and futility.

The plaintiffs press four issues on appeal. The first three issues relate to the

3

district court's determination that it lacked subject matter jurisdiction over the Title VII claims against the ACCA. First, the plaintiffs argue that the district court erred by determining that the ACCA was a separate and distinct entity from other Alabama state courts or agencies for purposes of determining whether it qualified as an "employer" under Title VII. We believe that the district court correctly determined, under our opinion in Lyes v. City of Riviera Beach, 166 F.3d 1332 (11th Cir. 1999), that the ACCA is a separate and distinct entity under Alabama law, and that its employees should not be aggregated with the employees of other state courts or agencies for Title VII purposes. Therefore, we affirm that portion of the district court's decision on the basis of the well-reasoned discussion in sections IV.A.3.a & b of that court's February 14, 2000 opinion, that part of which is attached hereto as Appendix A.

Second, the plaintiffs argue that the methodology employed by the district court in counting the number of Title VII "employees" was inconsistent with the Supreme Court's decision in Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202, 117 S. Ct. 660 (1997), which held that the "payroll method" should be used for determining whether an individual qualifies as an "employee." We disagree. The question addressed in Walters was "whether an employer 'has' an employee [for purposes of Title VII] on any working day on which the employer

4

maintains an employment relationship with the employee, or only on working days on which the employee is actually receiving compensation from the employer." 519 U.S. at 204, 117 S. Ct. at 662. Therefore, the issue addressed in Walters is fundamentally different from the issue involved in this appeal. The Walters decision does not stand for the proposition that all individuals paid by an entity, including elected officials, "personal staff," "immediate advisers" and others expressly excluded from Title VII's definition of "employee," must nonetheless be counted for purposes of determining the number of "employees" of an entity, simply because those individuals appear on the entity's payroll. Such an approach would be contrary to the plain meaning of the statute. See 42 U.S.C. §§ 2000e(b) & (f). Therefore, we conclude that the district court's decision is not contrary to Walters.

Third, the plaintiffs argue that the district court erred by finding that the staff attorneys and junior staff attorneys employed by the ACCA were "personal staff" and "immediate advisers," rather than "employees" for purposes of Title VII. We disagree, and affirm on the basis of the district court's well-reasoned opinion, published at 88 F. Supp. 2d 1334. There was no error in the district court's dismissal of the plaintiffs' Title VII claims for lack of subject matter jurisdiction.

Finally, the plaintiffs argue that the district court abused its discretion by

denying the plaintiffs' motion for leave to amend the complaint. We disagree, and conclude that the court did not abuse its discretion by denying the motion based on the reasons explained in its March 14, 2000 opinion, attached hereto as Appendix B.

AFFIRMED.